# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

Case No. EDCV 11-00030 DOC (DTBx)                     Date: May 12, 2011

Title: SANDI RUSH v. DENCO ENTERPRISES INC, ET AL..

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

Julie Barrera                           Not Present
Courtroom Clerk                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                    NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING DEFENDANT DENCO ENTERPRISES, INC.'S
MOTION TO DISMISS

   Before the Court is Defendant Denco Enterprises's Motion to Dismiss Pursuant to Rule 12(b)(1). The Court finds this matter appropriate for decision without oral argument ("Motion to Dismiss") (Docket 8). Fed.R.Civ. P. 78; Local Rule 7-15. After considering the moving and opposing papers, the Court GRANTS the Motion to Dismiss.

## I.  BACKGROUND

   According to the allegations of the First Amended Complaint ("FAC"), Plaintiff Sandi Rush ("Plaintiff") is a paraplegic who requires the use of a wheelchair for mobility. Plaintiff brings suit against Defendant Denco Enterprises, dba Denny's ("Defendant"), the owner and operator of a chain of restaurants, on the grounds that Defendant's facilities are not wheelchair accessible.[1] The FAC lists causes of action for (1) violation of the Americans with Disabilities Act ("ADA"), (2) violation of California Civil Code § 54, (3) violation of California Civil Code § 54, and (4) violation of California Health and Safety Code § 19959.

_____

   [1]The FAC initially named an additional defendant, Norco-Corona Associates. However, Plaintiff voluntarily dismissed Norco-Corona Associates on March 10, 2011, pursuant to Fed. R. Civ. P. 41(a)(1). [Docket 6.]

The ADA claim is the only federal cause of action included in the FAC.  It is also the sole asserted basis for federal subject-matter jurisdiction.

## II.  LEGAL STANDARD

### a.  Motion to Dismiss For Lack of Standing

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed if the Court lacks subject matter jurisdiction to adjudicate the claims.  Once subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists.  *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "the party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists").  Accordingly, the Court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).

An element of subject matter jurisdiction is the existence of standing, which is required to satisfy Article III's case or controversy requirement.  *See* U.S. Const. Art. III.  In order to establish standing, a plaintiff must establish the existence of three required elements.  First, the plaintiff must have suffered "an 'injury in fact' – an invasion of a legally protected interest that is (a) concrete and particularized," and (b) "'actual or imminent,' not 'conjectural' or 'hypothetical.'"  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130 (1992) (internal citations omitted).  Second, "there must be a causal connection between the injury and the conduct complained of – the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court."  *Id.*  Finally, a plaintiff must show that it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'"  *Id.*  Each element of standing is "an indispensable part of the plaintiff's case," and accordingly "must be supported in the same way as any other matter on which the plaintiff bears the burden, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation."  *Id.* at 561.

### b.  Supplemental Jurisdiction If Federal Claims Are Dismissed

28 U.S.C.A. § 1367(c)(3) provides that a district court may decline to exercise jurisdiction over supplemental state-law claims if the court has dismissed all claims over which it has original jurisdiction.  Although the district court may retain jurisdiction over the state-law claims remaining after a dismissal, especially where judicial resources have been expended, in the usual case in which all federal law claims are eliminated before trial, the factors of judicial economy, convenience, fairness, and comity weigh in favor of declining supplemental jurisdiction.  *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

## III.    DISCUSSION

### a.    Standing Under the Americans With Disabilities Act

In a recent decision, *Chapman v. Pier 1 Imports*, 631 F.3d 939 (9th Cir. 2011), the Ninth Circuit clarified the requirements for alleging standing under the ADA. The *Chapman* court explained that, if an ADA plaintiff encounters a discriminatory barrier at a place of public accommodation, and that barrier is either likely to affect the plaintiff on a future visit to the location or to deter plaintiff from revisiting the location, the plaintiff has standing to sue not only to remedy the encountered barrier, but to remove any other barriers that exist at the same place of public accommodation. *Id.* at 951. To adequately plead standing, however, a plaintiff must do more than simply allege "that he is 'physically disabled,' and that he 'visited the [place of public accommodation], and 'encountered . . . barriers that denied him full and equal access.'" *Id.* at 954 (holding that Chapman's complaint should have been dismissed for failure to expand on these conclusory allegations). A plaintiff must identify the barriers that she personally encountered, connect the barriers to her disability, and state the manner in which the barriers impeded her full and equal enjoyment of the facility. *Id.* at 955.

The FAC does not include these required allegations. Rather, the FAC features many of the same defects that the *Chapman* court found to be fatal to a claim of standing.

Accordingly, Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) is GRANTED with respect to Plaintiff's ADA claim. This claim is DISMISSED WITH LEAVE TO AMEND.

### b.    State Law Claims

With the only federal cause of action dismissed, the Court must decide whether to exercise supplemental jurisdiction over Plaintiff's claims under California law. *See* 28 U.S.C.A. § 1367(c)(3). Litigation has barely begun in the instant action. The Court therefore finds that the factors of judicial economy, convenience, fairness, and comity weigh in favor of declining supplemental jurisdiction. *See Cohill*, 484 U.S. at 350 n.7.

In light of the above, the Court declines to exercise supplemental jurisdiction over Plaintiff's three causes of action under California law. These claims are DISMISSED.[2]

## VI.    DISPOSITION

For the reasons set forth above, Defendant's Motion to Dismiss is GRANTED. Plaintiff's

---

[2]Of course, Plaintiff remains free to reassert his state law causes of action in any amended complaint that rectifies the deficiencies in his current ADA claim.

claims are DISMISSED WITHOUT PREJUDICE.

Plaintiff shall file any amended complaint no later than June 3, 2011.


The Clerk shall serve this minute order on all parties to the action.