O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. EDCV 11-0030 DOC (DTBx)                         Date: August 3, 2012

Title: <u>SANDI RUSH V. DENCO ENTERPRISES, INC.</u>

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

<u>Julie Barrera</u>                                 <u>     N/A     </u>
Courtroom Clerk                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                          None Present

**PROCEEDINGS: (IN CHAMBERS): ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

Before the Court is a Motion for Reconsideration filed by Defendant Denco Enterprises, Inc. (Docket 54) and a Motion for Attorneys' Fees and Litigation Expenses filed by Plaintiff Sandi Rush (Docket 53). The Court finds these matters appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court DENIES the Motion for Reconsideration and GRANTS IN PART AND DENIES IN PART the Motion for Attorneys' Fees.

**I.      BACKGROUND**

Plaintiff Sandi Rush ("Plaintiff") is a paraplegic who is unable to walk or stand and requires the use of a wheelchair for mobility. Second Amended Complaint ("SAC"), ¶ 8. Plaintiff brought suit against Defendant Denco Enterprises, dba Denny's ("Defendant"), the owner and operator of a chain of restaurants, on the ground that Defendant's facilities are not wheelchair accessible. Specifically, Plaintiff alleged that Defendant maintains at least 17 barriers to accessibility, *id.* at ¶ 11-27, although at the time of summary judgment, only two had yet to be remedied by Defendant. The SAC alleged causes of action for (1) violation of the Americans with Disabilities Act ("ADA"), (2) violation of California's Disabled Persons Act as set forth in California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. EDCV 11-0030 DOC (OPx)            Date: August 3, 2012
           Page 2

---

Civil Code § 54 ("CDPA"), (3) violation of the Unruh Civil Rights Act as set forth in California Civil Code § 51 ("Unruh Act"), and (4) violation of California Health and Safety Code § 19955(a) and 19959.

       Plaintiff filed a Motion for Summary Judgment on the only two of the seventeen barriers that were not remedied by Defendant: (1) insufficient strike side clearance adjacent to the door of the women's restroom, making it difficult for Rush to open the door when entering and (2) insufficient clearance at the women's restroom door when leaving the women's restroom, making it difficult for Rush to open the door when exiting.

       In its summary judgment order, this Court denied as moot Plaintiff's first claim – the entry claim - and granted Plaintiff summary judgment on her second claim – the exit claim. *Rush v. Denco Enterprises, Inc., et al.,* 2012 WL 1423584, -- F. Supp. 2d – (C.D. Cal. Apr. 24, 2012). In her Motion for Summary Judgment, Plaintiff set forth the relevant law governing her exit claim and provided declarations stating that Defendant's restaurant violated ADAAG Regulation 4.13.6. Because Plaintiff's interpretation of the regulation was reasonable and supported by evidence and argument, Plaintiff met her burden of showing that she was entitled to judgment on that claim as a matter of law. Defendant, on the other hand, did not challenge any of Plaintiff's facts and only "hint[ed] at a dispute of law by stating that the "undersigned believes there is no requirement for the longer wall Plaintiff appears to be seeking." This Court held that "[d]efense counsel's unsupported musing is far from sufficient" to meet its burden and granted summary judgment to Plaintiff.

       Defendant now seeks reconsideration of this Court's summary judgment order, while Plaintiff simultaneously seeks attorneys' fees and litigation expenses on behalf of their counsel, Disabled Advocacy Group, APLC ("Counsel").

## II.     DISCUSSION

### A. Motion for Reconsideration

       A motion for reconsideration "offers an extraordinary remedy to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop,* 229 F.3d 877 (9th Cir. 2000). Federal Rule of Civil Procedure 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. EDCV 11-0030 DOC (OPx)                                    Date: August 3, 2012
                                                                   Page 3

---

discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

These grounds are further limited by the Local Rules. Local Rule 7-18 provides that a motion for reconsideration of a decision on any motion may be made only on the following grounds: "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." L.R. 7-18. Finally, the Local Rule states that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id*.

Defendant does not satisfy any of the grounds necessary to grant its Motion for Reconsideration.

1. <u>Material Difference in Fact or Law That Could Not Have Been Known to the Party Moving for Reconsideration at the Time of Such Decision</u>

Defendant essentially attempts to present its opposition to Plaintiff's Motion for Summary Judgment in the form of the present Motion for Reconsideration. Such a tactic is unacceptable. There is absolutely no reason that Defendant could not have set forth the facts and legal arguments in the Motion for Reconsideration at the time of summary judgment. Case law makes clear that a motion for reconsideration must be denied even if the evidence presented on a motion for reconsideration is new evidence, if the movant could have previously discovered that evidence by exercising reasonable diligence. *See Fantasy Inc. v. La Face Records*, 43 U.S.P.Q.2d 1959, 1960 (N.D. Cal. 1997) (denying motion to reconsider because the moving party could have previously located the proffered evidence had it exercised reasonable diligence). Had Defendant here exercised any diligence whatsoever, the evidence included with the Motion for Reconsideration could have been submitted at the time of summary judgment. When faced with Plaintiff's motion for summary judgment, Defendant had the burden to prevent summary judgment by coming forward with evidence raising a genuine issue of material fact. *T.W. Electric Service, Inc. v. Pacific Elec. Contractors*, 809 F.2d 626, 630 (9th Cir. 1987) (denying

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. EDCV 11-0030 DOC (OPx)　　　　　　　　　　　　Date: August 3, 2012
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

---

motion for reconsideration). Defendant cannot attempt to meet this burden whenever the mood may strike it; this Court requires all parties to abide by its deadlines to ensure the orderly administration of justice. Defendant is no exception.

　　2. Change of Law After the Time of Such Decision

　　Defendant also attempts to argue that this Court should reconsider its summary judgment decision due to a June 27, 2012 summary judgment order from another court in this district. *See Kohler v. Bed Bath & Beyond,* No. EDCV 11-01246 VAP (OPx), 2012 WL 2449928 (C.D. Cal. June 27, 2012). It is well-established, however, that district courts are not bound by the unpublished decisions of other district courts; even published district court decisions are only persuasive authority. *See People of Territory of Guam v. Yang,* 800 F.2d 945, 949 (9th Cir. 1986). *See also Hart v. Massanari,* 266 F.3d 1155, 1178 (9th Cir. 2001). As such, the *Kohler* decision is not a controlling change in the law that would warrant granting Defendant's Motion for Reconsideration.

　　This Court does not rule out the possibility that Defendant could have succeeded on the merits had it made any substantive argument whatsoever at the time of summary judgment. But, there are important policy reasons for this Court to avoid delving into the merits of the *Kohler* decision. For better or for worse, we are part of an adversarial system in which courts are forced to depend, in large part, upon the skill of the attorneys appearing before them. Courts can only make the best decision possible based on the information before them at the time of a dispositive motion and do not have the time or resources to permit every party to have multiple bites at the apple. Furthermore, it would be prejudicial to force Plaintiff, who was timely prepared for the summary judgment motion, to eternally relitigate this case after she legitimately prevailed on her dispositive motion.

　　3. Manifest Showing of Failure to Consider Facts Before the Court Before Such Decision

　　Given that Defendant presented the Court with essentially no facts in its "opposition" to Plaintiff's Motion for Summary Judgment, there has been no manifest failure by the Court to consider material facts at the time of summary judgment.

　　Defendant's Motion for Reconsideration is DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. EDCV 11-0030 DOC (OPx)             Date: August 3, 2012
                                                                                         Page 5

## B. Motion for Attorneys' Fees

Given that the Court has now denied Defendant's Motion for Reconsideration, there can be no dispute that Plaintiff is the prevailing party. As such, Plaintiff, at the Court's discretion, may be entitled to reasonable attorneys' fees, litigation expenses, and costs. *See* 42 U.S.C. § 12205.

Fee awards are calculated using the "lodestar" method, which is obtained by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. *See Perdue v. Kenny A. ex rel. Winn*, __ U.S. __, 130 S.Ct. 1662, 1672 (2010) ("the lodestar figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence") (internal citations omitted). There is a "strong" presumption that the lodestar method results in a reasonable fee. *Id.* at 1673.

      1. Rates

Plaintiff requests fees in the amount of $600/hour for lead counsel Lynn Hubbard; $500/hour for senior partner Scott Hubbard; $300/hour for associate counsel Peter Leonard, Khush Mehton, and Daniel Watts; and $175/hour for paralegals.

The Ninth Circuit has affirmed an award of attorneys' fees at rate of $500 per hour where the party had submitted a declaration describing her experience and attached copies of fee awards in the same geographical area where counsel had comparable experience. *Nadarajah v. Holder*, 569 F.3d 906, 917 (9th Cir. 2009). Typically, the submission of such documents would satisfy this Court.

In the present case, however, the Court is extremely concerned about Plaintiff's potential misrepresentations with respect to Counsel's hourly rates. On March 8, 2012, Lynn Hubbard III submitted a declaration to this Court in the above-captioned case in which he represented, under penalty of perjury, that his hourly rate was $350/hour. *See* Docket 36, Declaration of Lynn Hubbard III in Support of Plaintiff's Request for an Order to Show Cause for Failure to Timely Appear & Request for Sanctions, 2-3 ("My current billing rate is $350 per hour."). The Court is perplexed, to put it mildly, that Lynn Hubbard III, only slightly more than two months later, has now represented to this Court, again under penalty of perjury, that his hourly rate for services performed in this litigation was $600 per hour. *See* Docket 53, Declaration of Lynn Hubbard III in Support

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. EDCV 11-0030 DOC (OPx)                                     Date: August 3, 2012
                                                                    Page 6

of Plaintiff's Motion for Attorneys' Fees, Including Litigation Expenses and Costs, 3, 10 ("My billing rate for services performed in this litigation is $600 per hour."). While the Court recognizes that an attorney's rates increase over time, to almost double one's rates in the span of two months is patently unreasonable, such that Counsel's most recent declaration appears to be a blatant misrepresentation to this Court. Plaintiff was even presented with the opportunity to respond to this discrepancy in its reply brief; instead, Plaintiff chose not to file a reply brief. This Court thus has no choice but to reduce Counsel's hourly rates.

Because Plaintiff's conflicting declarations cause this Court to seriously question the asserted hourly rates, it will reduce Lynn Hubbard III's rates to the $350/hour rate set forth in his March declaration and will reduce the other attorneys' rates to 58% of their requested rates, which is a deduction of approximately the same percentage. Counsel's rates are thus awarded as follows:

    Lynn Hubbard III:   $350/hr
           Travel Time: $101.5/hour
    Scottlynn Hubbard:  $290/hour
    Peter Leonard:      $174/hour
    Khush Mehton:       $174/hour
    Daniel Watts:       $174/hour
    Paralegals:         $101.5/hour

2. Hours

Courts "should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Typically, "[a]n attorney's sworn testimony that, in fact, [he] took the time claimed . . . is evidence of considerable weight on the issue of the time required." *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1081 (N.D. Cal. 2010). Unfortunately, due to what appear to be misrepresentations as to Counsel's hourly rates, this Court views with skepticism the declarations as to Counsel's hours expended on this case. That being said, the Court has already effectively decreased the lodestar amount to 58% of Plaintiff's original lodestar by reducing Counsel's hourly rates. That deduction should be more than sufficient to also account for any excessive hours. Plaintiff was the prevailing party in this case and, regardless of any other factors, did serve an important

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. EDCV 11-0030 DOC (OPx)            Date: August 3, 2012
                                                                             Page 7

public purpose in remedying certain ADA violations at Defendant's restaurant. As such, this Court will not reduce Plaintiff's requested hours.

      Accordingly, Plaintiff's lodestar amount is as follows:

| | | |
|---|---|---|
| Lynn Hubbard III: | 91.16 hours @ $350/hr = | $31,906 |
| Travel Time: | 8 hours @ $101.5/hour = | $812.00 |
| Scottlynn Hubbard: | 34.86 hours @ $290/hour = | $10,109.40 |
| Peter Leonard: | 12.17 hours @ $174/hour = | $2,117.58 |
| Khush Mehton: | 26.45 hours @ $174/hour = | $4,602.30 |
| Daniel Watts: | 48.99 hours @ $174/hour = | $8,524.26 |
| Paralegals: | 42.48 hours @ $101.5/hour = | $4,311.72 |
| | **TOTAL FEES:** | **$62,383.26** |

      3. <u>Costs</u>

      "The attorney's fee provision of the ADA allows the court to award a prevailing private party 'a reasonable attorney's fee, including litigation expenses, and *costs*.'" *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001) (quoting 42 U.S.C. § 12205). "The preamble to the ADA Title II regulations explains that "[l]itigation expenses include items such as expert witness fees, travel expenses, etc." *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002) (citing 28 C.F.R. Pt. 35, App. A, Section-by-Section Analysis, § 35.175). Plaintiff's costs are both reasonable and adequately documented. *See* Motion for Attorneys' Fees, Exh. B & Exh. C.

      Plaintiff is thus awarded costs in the amount of $8,720.51.

      **III.**     **Disposition**

      For the aforementioned reasons, Defendant's Motion for Reconsideration is DENIED. Plaintiff's Motion for Attorneys' Fees is GRANTED IN PART AND DENIED IN PART. Plaintiff is hereby awarded attorneys' fees and costs in the total amount of $71,103.77.

MINUTES FORM 11
CIVIL-GEN                                                                               Initials of Deputy Clerk: jcb